<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SPORTS ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARVIN GOLDKLANG et al, <br><br> Defendants. | Civil Action No. 23-02198(JKS)(AME) <br><br> **OPINION AND ORDER** <br><br> March 18, 2024 |

**SEMPER**, District Judge.

**THIS MATTER** having come before this Court upon the filing of Defendants Marvin Goldklang and M.S. Goldklang & Co., Inc.'s ("Defendants") Motion to Dismiss Plaintiff Sports Enterprises, Inc.'s ("Plaintiff") First Amended Complaint, (ECF 7, Compl.), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (ECF 18), and the Court having considered the Complaint, Defendants' and Plaintiff's submissions, and oral argument; and

**WHEREAS** Plaintiff's Complaint alleges claims arising out of undermined negotiations impacting various entities in minor league baseball. Plaintiff owns and operates the Salem-Keizer Volcanoes, formerly a minor league baseball team. After the 2020 season, the Volcanoes became an independent baseball club with no affiliation with any MLB club. Plaintiff's Complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, and unjust enrichment. (ECF 7, Compl.); and

**WHEREAS** Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789; and

**WHEREAS** a court must take three steps to determine the sufficiency of a complaint: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 673, 679); and

**WHEREAS** a complaint may not be amended by the briefs in opposition to a motion to dismiss. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *see also Ibrahim v. DeFilippo*, No. 19-5021, 2021 WL 753898, at *8 (D.N.J. Feb. 26, 2021) ("It is well-settled that Plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion."); and

**WHEREAS** Plaintiff fails to identify a conflict of law. Given Plaintiff's failure to identify a conflict, the law of the forum governs. *Roncal v. Aurobindo Pharma USA, Inc.*, No. 20-02643, 2022 WL 1237888, at *3 (D.N.J. Apr. 27, 2022); and

**WHEREAS** Plaintiff fails to sufficiently allege facts that state a claim for breach of contract. For a breach of contract claim, plaintiff must allege facts showing (1) that parties entered into a contract containing certain terms; (2) plaintiffs did what the contract required them to do; (3) defendants did not do what the contract required them to do; and (4) defendants' breach or failure to do what the contract required caused a loss to the plaintiffs. *Premier Orthopaedic Assoc. of S. NJ, LLC v. Anthem Blue Cross Blue Shield,* No. 22-02407, 2023 WL 3727889, at *5 (D.N.J. May 30, 2023). Here, Plaintiff's Complaint fails to adequately allege Defendants' breach. Rather, Plaintiff's briefing illustrates Defendants' alleged breach by relying on facts not included in the Complaint. (*Compare generally* ECF 7, Compl. *with* ECF 20, Opp.) Given Plaintiff's acknowledgment that facts introduced in its opposition brief were not alleged in the Complaint (ECF 20, Opp. at 5 n.5), this Court cannot infer facts that were not pleaded in the complaint; and

**WHEREAS** Plaintiff's claim for breach of the covenant of good faith and fair dealing is duplicative of its breach of contract claim. Under New Jersey law, a covenant of good faith and fair dealing is implied in every contract. *Ohm Systems, Inc. v. Senergene Solutions, LLC*, No. 23-1340, 2023 WL 8437279, at *3 (D.N.J. Dec. 5, 2023); *see also Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 365 (D.N.J. 2006). A claim for breach of the covenant of good faith and fair dealing, however, cannot proceed "unless the underlying conduct is distinct from that alleged in a corresponding breach of contract claim." *MZL Cap. Holdings, Inc. v. TD Bank, N.A.*, 734 F. App'x 101, 106 (3d Cir. 2018); *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 463 (D.N.J. 2020) ("The plaintiff cannot maintain a breach of the implied covenant of good faith and fair dealing claim that is duplicative of its breach of contract claim."). New Jersey law allows for an independent breach of the implied covenant of good faith and fair dealing cause of action in three situations:

3

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

*Barrows*, 465 F. Supp. 2d at 365. Plaintiff alleges breach of the implied covenant of good faith and fair dealing because Defendants "actively conspire[d] to secure MLB affiliations for his own baseball clubs at the expense of the loss of affiliation for 43 minor league clubs[.]" (ECF 7, Compl. at ¶ 64.) As required under Rule 8(a), Plaintiff does not plead any additional facts to distinguish the claim from its breach of contract claim. Nor does Plaintiff assert that its claim falls into one of the three situations where New Jersey law provides for an independent breach of the implied covenant of good faith and fair dealing. Instead, Plaintiff asserts that Defendant "violated the NAA by breaching the implied covenant of good faith and fair dealing" by conspiring to secure MLB affiliations for his own baseball clubs. (*Id.*) The facts that form the basis of the alleged breach of the covenant of good faith and fair dealing are the same as those that form the basis of the breach of contract claim. This Court has dismissed a claim for breach of the implied covenant of good faith and fair dealing when it is duplicative of the party's breach of contract claim. *MZL Cap. Holdings*, 734 F. App'x at 106 (affirming the dismissal of plaintiff's breach of the implied covenant of good faith and fair dealing claim because it "[was] identical to its claim for breach of contract."); and

**WHEREAS** Plaintiff fails to state a claim for breach of fiduciary duty. For breach of fiduciary duty, a plaintiff must plausibly allege "1) the existence of a fiduciary duty or relationship between the parties; 2) breach of that duty; and 3) resulting damages." *Read v. Profeta*, 397 F. Supp. 3d 597, 633 (D.N.J. 2019). Before a court can find a breach of a fiduciary duty, a plaintiff must allege that defendant owed a fiduciary duty to the plaintiff. *See Goodman v. Goldman, Sachs*

4

*& Co.*, No. 10-1247, 2010 WL 5186180, at *10 (D.N.J. Dec. 14, 2010). "A hallmark of a fiduciary relationship is one party's placement of trust and confidence in another[.]" *Big M, Inc. v. Dryden Advisory Grp.*, No. 08-3567, 2009 WL 1905106, at * 24 (D.N.J. June 30, 2009) (explaining that "[a] fiduciary obligation exists whenever one person places special 'trust and confidence' in another person upon whom the person relies to exercise discretion and expertise upon behalf of that person."). Here, the Complaint alleges that "[a]s a result of the delegation of the National Association's president's authority, Mr. Goldklang owed fiduciary duties to the National Association membership, including SEI." (ECF 7, Compl. at ¶ 67.) However, Plaintiff failed to allege that the National Association president had a fiduciary duty in the first instance. The Complaint does not allege a contractual fiduciary duty between itself and the National Association president, the Negotiating Committee, or Defendants. The Complaint also fails to allege a special relationship giving rise to a fiduciary duty between Plaintiff and either the president, the Negotiating Committee, or Defendants. The Complaint does not provide any evidence that the negotiating role would be imbued with fiduciary obligations. *See Brick Professional LLC v. Estate of Napoleon,* No. A-3057-11T1, 2014 WL 1394191, at *12 (N.J. Super. Ct. App. Div. Apr. 11, 2014). Further, the Complaint does not allege any facts in which Plaintiff placed special trust in the president, the Negotiating Committee, or Defendants. *Trianco, LLC v. IBM*, 271 F. App'x. 198, 203 (3d Cir. 2008) ("In order for a fiduciary duty to exist, there must be a 'special relationship of trust and confidence' between the parties."). Further, Plaintiff provides no case law to support its position that a fiduciary duty could be transferred to another entity. Rather, case law in New Jersey specifically establishes that a fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship. *F.G. v. MacDonell*, 150 N.J. 550, 563-64 (1997). To that end, the Complaint

does not provide any facts pertaining to the specific contours of the relationship between Defendants and Plaintiff that would establish a fiduciary relationship. In addition, the Complaint makes no allegations that the president, Negotiating Committee, or Defendants were to act for the benefit of Plaintiff. Finally, to the extent that the Complaint alleges contractual relationships, these relationships do not give rise to fiduciary duties. *Wingate Inns, Int'l, Inc. v. High Tech Inn.com, LLC*, No. 07–5014, 2009 WL 5216978, at *6 (D.N.J. Dec. 29, 2009) ("An 'ordinary commercial transaction based in contract' does not give rise to a fiduciary duty."); and

**WHEREAS** Plaintiff fails to state a claim for unjust enrichment. "To establish a claim of unjust enrichment in New Jersey, 'a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust.'" *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 723 (N.J. 2007) (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994)). For this claim, a plaintiff must "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-846, 2011 WL 2976839, at *26 (D.N.J. July 21, 2011). In addition, "a claim for unjust enrichment requires a direct relationship between the parties." *Hammer v. Vital Pharms., Inc.*, No. 11-4124, 2012 WL 1018842, at *10 (D.N.J. Mar. 26, 2012); *Bedi v. BMW of N. Am., LLC*, No. 15-1898, 2016 WL 324950, at *5 (D.N.J. Jan. 27, 2016) ("[T]here must be a direct relationship to assert an unjust enrichment claim."). "[I]t is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998). Even in the *In re K-Dur Antitrust Litigation* case that Plaintiff cited, the Court noted that plaintiffs specifically alleged the benefit they conferred on the defendant. 338 F. Supp. 2d 517, 544-46 (D.N.J. 2004) ("Here, Plaintiffs seek to

6

recover the actual cost of K-Dur itself, not outlays made for coverage of health risks associated with K-Dur.") No facts in the Complaint allege a direct relationship between Plaintiff and Defendants. Further, no facts in the Complaint allege that Plaintiff performed or conferred a benefit upon Defendants; and

**WHEREAS** Counts I and III also must be dismissed because Plaintiff failed to plead sufficient facts demonstrating individual involvement in the purported wrongdoing. Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id*. When several defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id*. Here, Plaintiff fails to plead specific facts as to each Defendant's involvement in the alleged wrongdoing(s). The Complaint repeatedly makes allegations by grouping together "Mr. Goldklang and/or Goldklang Group," and fails to specify the offenses of either. *(See* ECF 7, Compl. at ¶¶ 61-65, 74.) "Courts in this district have dismissed complaints when the [complaints] contain improper 'group pleading.' This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *Baldeo v. City of Paterson*, No. 18-5359, 2019 WL 277600, at *4 (D.N.J. Jan. 18, 2019) (quoting *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)). "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff

7

must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (citing *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200, at *10 (D.N.J. July 20, 2005)); and

**WHEREAS** Defendants' Motion is granted, and the First Amended Complaint is dismissed in its entirety without prejudice. Plaintiff fails to state a claim for relief for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, and unjust enrichment; therefore,

**IT IS, on this 18th day of March 2024**,

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Within thirty (30) days, Plaintiff may file an amended complaint addressing the errors identified in this Opinion.

> */s/ Jamel K. Semper*
> **HON. JAMEL K. SEMPER**
> **United States District Judge**

Orig:   Clerk
cc:     Parties
        Andre M. Espinosa, U.S.M.J.