<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SPORTS ENTERPRISES, INC., | Civil Action No. 23-02198 |
| Plaintiff, | |
| v. | **OPINION** |
| MARVIN GOLDKLANG, | January 22, 2025 |
| Defendant. | |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Marvin Goldklang's ("Defendant") Motion to Dismiss Plaintiff Sports Enterprises, Inc.'s ("SEI" or "Plaintiff") Second Amended Complaint (ECF 31, "SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 36, "MTD.") The Court reviewed all submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

**I.     <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>[1]**

Plaintiff's Second Amended Complaint alleges a single claim for breach of fiduciary duty against Marvin Goldklang arising out of undermined negotiations impacting various entities in minor league baseball. Plaintiff owns and operates the Salem-Keizer Volcanoes, formerly a minor

---

[1] The facts and procedural history are drawn from the Second Amended Complaint (ECF 31) and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

league baseball team. After the 2020 season, the Volcanoes became an independent baseball club with no affiliation with any MLB club.

This Court previously dismissed the First Amended Complaint and granted leave to file an amended pleading. (ECF 30, "March Opinion.") Plaintiff filed its Second Amended Complaint on April 17, 2024. (ECF 31.) Defendant moved to dismiss the SAC on June 7, 2024. (ECF 36.) Plaintiff filed an opposition brief. (ECF 39.) Defendant filed a reply brief. (ECF 40.)

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789. A court must take three steps to determine the sufficiency of a complaint: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 673, 679).

### III.  ANALYSIS

In its Second Amended Complaint, Plaintiff streamlined its action to a single claim for breach of fiduciary duty against Defendant Marvin Goldklang. (*See generally* SAC.) In particular, the SAC alleges that Goldklang "was a member of the BOT ("Board of Trustees") of the National Association, a non-profit corporation organized under the laws of the State of Florida. Members of the BOT were entrusted as fiduciaries under Florida law, the express terms of the NAA ("National Association Agreement"), and common law, and charged with protecting the interests of the National Association, its 14 member-leagues, and the 160 Minor League Baseball ("MiLB") clubs operating under the NAA." (SAC ¶ 7.) Count 1 of the SAC goes on to allege that Goldklang was a director under Florida law because he was a member of the Board of Trustees of the National Association. (*Id.* ¶ 103 (citing Fla. Stat. § 617.0830).) Finally, the SAC alleges that pursuant to Florida law, all members of the Board of Trustees including Goldklang "owed SEI the fiduciary duty to act in good faith, with care of an ordinarily prudent person, and in the best interests of the National Association and its leagues and clubs." (SAC ¶ 104 (citing Fla. Stat. § 607.083).)

In his motion to dismiss, Defendant argues, *inter alia*, that the plain language of the cited Florida statute clarifies that the duties imposed by the law is limited to the not-for-profit entity (*i.e.,* the National Association) and therefore would not extend to individual members like Plaintiff. Indeed, the statute states that the relevant duty is limited to the "corporation":

> (1) A director shall discharge his or her duties as a director, including his or her duties as a member of a committee:
>
> > (a) In good faith;
> >
> > (b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
> >
> > (c) In a manner he or she reasonably believes to be in the best interests of the **corporation**.

Fla. Stat. § 617.0830 (emphasis added).

3

Case law supports the proposition that the statute is limited to the entity and does not extend to the entity's members. *See Stewart v. American Association of Physician Specialists*, No. 13-01670, 2014 WL 2197795, at * (N.D. Cal. May 27, 2014) ("Stewart does not allege any independent relationship of trust from which the Court could imply a fiduciary relationship. Rather, Stewart's sole contention is that AAPS and the Board owe her a fiduciary duty because she is a member of AAPS. . . . Stewart offers no authority that supports her position that the directors of a not-for-profit corporation owe their members—rather than the corporation—fiduciary duties.") In response, Plaintiff argues that the *Stewart* case is distinguishable because the plaintiff did not allege any facts about the nature of the fiduciary relationship between the directors of the non-profit and the members other than their status as directors and members. (Opp. at 19.) However, none of the facts that Plaintiff alleged about the nature of the relationship between Goldklang and SEI specifically demonstrates a special relationship of trust or confidence that would give rise to a fiduciary duty. *See Paradiso v. Bank of Am., N.A.*, No. 22-02042, 2022 U.S Dist. LEXIS 212711, at *10-12 (D.N.J. Nov. 23, 2022). As such, the Court **GRANTS** Defendant's Motion to Dismiss the SAC. Further, because further amendment would be futile, the Court hereby dismisses the Second Amended Complaint with prejudice. *See Grayson v Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**IV.  CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF 36) is **GRANTED**. The Second Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Andre M. Espinosa, U.S.M.J.
       Parties